O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV08-0484 DOC (RNBx)                                   Date: October 31, 2008

Title: HANK BAILEY v. S2 YACHTS, INC., dba TIARA YACHTS, a Michigan Corporation; CUMMINS, INC., an Indiana Corporation; and DOES 1 through 10.

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                    Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                 Not Present
   Courtroom Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT'S SECOND MOTION TO DISMISS

     Before the Court is Defendant S2 Yachts, Inc.'s ("S2") Motion to Dismiss Portions of Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot." or "Motion"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court DENIES Defendant's Motion.

## I.     BACKGROUND

### A.     Procedural History

     The procedural history of this action is long and extensive. Plaintiff Hank Bailey ("Plaintiff") filed this action on December 31, 2007 in the Superior Court of California ("Superior Court") against Defendants Crow's Nest Yacht Sales ("Crow's Nest"), S2, and Does 1 through 10. An amended

complaint was filed on January 8, 2008, asserting five claims. On February 25, 2008, Plaintiff dismissed one of his five claims against Defendants. On March 10, 2008, S2 moved to dismiss the remaining claims in the Superior Court.

Plaintiff filed a second amended complaint ("SAC") on April 3, 2008. The SAC dismissed Defendant Crow's Nest from the action and added Cummins Inc. ("Cummins") as defendant. Defendants removed the action to this Court on May 2, 2008. The SAC alleged: (1) breach of implied warranty of merchantability; and (2) breach of express warranty. S2 moved to dismiss both claims on May 7, 2008. This Court, by Order dated July 10, 2008, GRANTED S2's motion to dismiss (1) the breach of implied warranty of merchantability claim with prejudice and (2) the breach of express warranty claim without prejudice.

Plaintiff filed a third amended complaint ("TAC") on August 11, 2008 asserting claims of (1) breach of express oral warranty against S2; (2) breach of implied warranty of merchantability against S2; (3) breach of express warranty of merchantability against S2; (4) breach of express warranty against Cummins; and (5) breach of implied warranty of merchantability against Cummins. S2 moved to dismiss the first and second claims on September 18, 2008. Plaintiff filed an Opposition ("Opp'n") on October 3, 2008. S2 filed a timely Reply on October 13, 2008.

### B.     Plaintiff's Allegations

Most of Plaintiff's allegations were discussed in the Court's earlier Order and will not be repeated at length here. In brief, Plaintiff purchased a Tiara Yachts 39' Convertible Boat ("Yacht"), manufactured by S2, from Crow's Nest for approximately $700,000. Due to numerous problems, the Yacht was out of service for twenty-seven weeks in a seventeen month period. Plaintiff requested that S2 either replace the Yacht or that he be reimbursed for the purchase price plus out of pocket expenses. S2 did not comply.

In the TAC, Plaintiff asserts among others, the following additional allegations: (1) "On or about July 16, 2006, Plaintiff took delivery of his yacht . . . personally boarded his Yacht at Crows Nest in Orange County and piloted it to Mexico with a Crows Nest representative[;]" (2) he was "expressly informed by a Crows Nest representative that the Yacht came with a one year all inclusive warranty from the manufacturer[;]" (3) "[w]ith respect to the sale and warranty of the Yacht, Crows Nest at all times had authority to act on [S2's] behalf[;]"(4) S2 "attempted to service warranty repairs as per the requirements of the oral warranty[;]" and (5) S2 intended to repair "those items identified as needing repair before the warranty expired." [TAC ¶¶ 13, 14, 37, 38.]

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately

stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.    DISCUSSION

####    A.    Breach of Express Oral Warranty

S2 contends that Plaintiff's breach of express oral warranty claim should be dismissed because the Song-Beverly Consumer Warranty Act (the "Warranty Act") "does not apply to goods in which title passes outside of California." [Mot. at 7.] This argument is unpersuasive. Plaintiff's breach of express oral warranty claim arises from both the Warranty Act and California Uniform Commercial Code ("Commercial Code") § 2313. [TAC ¶ 43.] Provisions of the Warranty Act relating to warranties do not affect the rights and obligations of parties under the Commercial Code, except that where conflicts exist between the code provisions, the rights guaranteed to buyers of consumer goods under the provisions of the Warranty Act prevail. Cal. Civ. Code § 1790.3.

S2 argues in the alternative that since the alleged oral representation of an express warranty was made by a Crow's Nest representative; and "there are no facts alleged to support the allegation . . . that Crow's Nest was an authorized agent of S2 Yachts," the breach of express warranty claim should be dismissed. [Mot. at 11.] In support of this contention S2 cites numerous state and federal cases in which the court declined to find an agency relationship between a manufacturer and a dealer. [Id. at 12.] However, the cases cited by S2, with the exception of *Washington v. Courtesy Motor Sales, Inc.*, 199 N.E.2d 263 (Illinois 1964), are all rulings on summary judgments or final dispositions after trial; not a ruling on the sufficiency of allegations to survive a Rule 12(b)(6) motion.

As for *Washington*, federal courts sitting in diversity apply state substantive law and federal

procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). That S2 cites a ruling from a state appeals court in Illinois for the proposition that Plaintiff failed to sufficiently allege an agency relationship between Crow's Nest and S2 pursuant to Rule 12(b)(6) is not well taken.

As discussed above, Plaintiff alleges that (1) Crow's Nest represented that there was a warranty by S2; (2) that Crow's Nest had the authority to make the representation; (3) S2 attempted to make repairs to the Yacht pursuant to the oral warranty; and (4) S2 stated that it intended make all repairs before the warranty expired. Plaintiff's allegations are "enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Accordingly, the Court DENIES S2's motion to dismiss Plaintiff's breach of express oral warranty claim.

### B. Breach of Implied Warranty of Merchantability

S2 moves to dismiss Plaintiff's breach of implied warranty of merchantability claim based on the same argument presented against Plaintiff's first claim, that the Warranty Act does not apply to goods in which title passes outside of California. [Mot. at 7.] S2 asserts that the purchase agreement between Crow's Nest and Plaintiff "unequivocally reflects that the delivery of the yacht was to occur offshore." [Mot. at 4.] The purchase agreement is not attached to Plaintiff's complaint. S2 is correct that the Warranty Act is inapplicable to out-of-state sales of goods. *Cummins, Inc. v. Superior Court*, 36 Cal.4th 478 (2005) ("the Legislature contemplated that the Act would apply only if the goods were purchased in California"). The Warranty Act defines "sale" as either "[t]he passing of title from the seller to the buyer for a price" or "[a] consignment for sale." Cal. Civ. Code §1791(n). Under a delivery contract, title passes to the buyer upon tender of goods at the delivery destination. *Gusse v. Damon Corporation*, 470 F.Supp.2d 1110 (2007).

As discussed above, Plaintiff alleges that he took delivery of the Yacht in Orange County on July 16, 2006. S2 refutes this allegation and requests that this Court take judicial notice of the purchase agreement between Crow's Nest and Plaintiff. The Court may take judicial notice of a document that is not attached to the complaint on a Rule 12(b)(6) motion if: (1) the complaint refers to the document; (2) the document is central to the claim or explicitly relied upon in the complaint; and (3) no party questions the authenticity of the copy attached to the motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153, fn.3 (2nd Cir. 2002).

Here, Plaintiff disputes the authenticity of the purchase agreement asserting that the document presented by S2 for judicial notice shows an incorrect purchase price. [Opp'n at 11.] S2 concedes that there are two versions of the purchase agreement but contends that authenticity of the document is irrelevant since both versions of the purchase agreement "require offshore delivery" of the Yacht. [Reply at 4.] Simply put, S2's argument is that the Court should take judicial notice of two documents, (1) a purchase agreement that Plaintiff clearly disputes, and (2) a second purchase agreement which S2 did not even submit for judicial notice. The Court declines to do so. Accordingly, the Court DENIES

S2's motion to dismiss Plaintiff's breach of implied warranty of merchantability claim.

## IV.   DISPOSITION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Portions of Plaintiff's Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

The Clerk shall serve this minute order on all parties to the action.